# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| DHANONJOY SAHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| RICKENBACKER FINANCIAL, INC. | ) | |
| d/b/a RICKENBACKER COLLECTION | ) | |
| SERVICES, | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DHANONJOY SAHA, by and through his attorney, M. LYNETTE HARTSELL, and for his Complaint against the Defendant, RICKENBACKER FINANCIAL, INC. d/b/a RICKENBACKER COLLECTION SERVICES, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3.      Plaintiff is an individual who was at all relevant times residing in Matthews, North Carolina.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as  he is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.      On information and belief, Defendant is a corporation of the State of California, which is not licensed to do business in North Carolina and which has its principal place of business in Morgan, California.

**COUNT I**

(Violation of the Fair Debt Collection Practices Act)

7.      On or about July 22, 2009, representatives of Defendant began contacting Plaintiff in attempts to collect an alleged debt in the amount of $353.06.

8.       On or about August 12, 2009, Defendant sent a letter to Plaintiff stating that the amount of the alleged debt was now $355.08, but no explanation for the increased amount was provided.

9.      On or about September 9, 2009, Defendant sent another letter to Plaintiff stating that the amount of the alleged debt was now $357.76, but no explanation for the increased amount was provided.   A balance sheet from the alleged creditor included with the correspondence from this date shows a balance of $350.00.

10. Representatives of Defendant contacted Plaintiff by telephone numerous times throughout 2009, often multiple times per day, in attempts to collect the alleged debt, but failed to disclose that they were debt collectors during the course of every communication.

11. During at least one telephone call, Frances Noble, Defendant's representative and/or employee, used obscene and/or abusive language when talking with Plaintiff, including but not limited to yelling at Plaintiff when he stated that he did not understand what she was telling him.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a.    Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

    b.    Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass him, in violation of 15 U.S.C. § 1692d(5);

    c.    Falsely representing the character, amount and/or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    d.    Failing to disclose in every communication to Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

    e.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DHANONJOY SAHA, respectfully prays for a judgment against Defendant as follows:

a.     Statutory damages of $1,000.00 for each violation of the FDCPA;

b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.     Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection

Agencies Engaged in the Collection of Debts from Consumers Statute)

14.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

15.     In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

a.     Using obscene or profane language and/or language the nature consequence of which was to abuse our client, in violation of N.C. Gen. Stat. § 58-70-100(1);

b.     Causing a telephone to ring or engaging Plaintiff with such frequency as to constitute harassment, in violation of N.C. Gen. Stat. § 58-70-100(2);

c.     Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. § 58-70-110(4);

4

d.     Failing to disclose in every communication to Plaintiff that the communication was from a debt collector and in violation of N.C. Gen. Stat. § 58-70-110(2); and

e.     By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute.

16.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DHANONJOY SAHA, respectfully prays for a judgment against Defendant as follows:

a.     Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.     Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
lhartsell@attorneysforconsumers.com

6